Alden J. Parker (SBN 196808)
E-Mail: aparker@fisherphillips.com
William T. Okamoto (SBN 342147)
E-Mail: wokamoto@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 2400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

Attorneys for Defendants
ELMO FRAZER and CARRINGTON COLLEGE (CA), INC.
(erroneously sued as CARRINGTON COLLEGE)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BUCKNER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ELMO FRAZER & CARRINGTON COLLEGE,<br><br>　　　　　Defendants. | Case No:<br><br>*[Removed from Santa Clara County Superior Court, Case No. 24CV452217]*<br><br>**DEFENDANTS ELMO FRAZER AND CARRINGTON COLLEGE (CA), INC.'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>Complaint Filed: November 22, 2024<br>Trial Date:　　　Not Yet Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF:**

PLEASE TAKE NOTICE that Defendants ELMO FRAZER and CARRINGTON COLLEGE (CA), INC. erroneously sued as CARRINGTON COLLEGE (collectively "Defendants"), hereby removes the state action filed by Plaintiff CHARLES BUCKNER ("Plaintiff"), Case No. 24CV4522171, from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446. Defendants' removal is based upon the following grounds:

**I.   STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action based on federal question pursuant to 28 U.S.C. § 1331. This action is one that may be removed by this Court by Defendants pursuant to 28 U.S.C. § 1441 (a) because it includes a claim for relief that arises out of federal law.

**II.   VENUE**

2. Venue of this case is proper in the Northern District of California, San Jose Division, pursuant to 28 U.S.C. section 1441(a), which states, in part, "…any civil action … may be removed … to the district court of the United States for the district and division embracing the place where such action is pending." The Superior Court of the State of California, County of Santa Clara, is within the jurisdiction of the United States District Court for the Northern District of California, San Jose Division.

**III.   PROCEDURAL HISTORY & COMPLIANCE WITH 28 U.S.C. § 1446**

3. This lawsuit arises out of Plaintiff CHARLES BUCKNER's ("Plaintiff") enrollment in Defendant Carrington College (CA), Inc., erroneously sued as Carrington College. ("Carrington") as a student and subsequent acts thereafter. On November 22, 2024, Plaintiff filed a Complaint in the Superior Court of the State of California in and for the county of Santa Clara styled as *Charles Buckner, Plaintiff, v. Carrington College (CA), Inc., erroneously sued as Carrington College, Elmo Frazer*, Case No. 24CV452217 (the "Complaint"). *See* Declaration of William T. Okamoto (hereinafter "Okamoto Decl."), ¶¶ 1-2, Exhibit A. Plaintiff's Complaint alleges a single cause of action against Defendants: (1) Constitutional Rights Violation. *See id.*

///

4. On or about January 18, 2025, Plaintiff initiated service of the Summons and Complaint on Defendants via substituted service. Okamoto Decl., ¶ 3, Exhibit B. Because of Plaintiff's substituted service, Defendants were effectively served with the Summons and Complaint on January 28, 2024. *See* Okamoto Decl. ¶ 3, Exhibit B; *see also* Cal. Civ. Proc. Code § 415.20(b) (West 2024) ["Service of a summons in this manner is deemed complete on the 10th day after the mailing."].

5. To Defendants' knowledge, all parties have been served with Plaintiff's Complaint. *See* Okamoto Decl., ¶¶ 4-6. However, Plaintiff notably fails to similarly concurrently file a declaration of due diligence pursuant to California Code of Civil Procedure section 417.10. *See* Cal. Civ. Proc. Code § 417.10.

6. On January 21, 2025, Defendants submitted for filing, an Answer in the State Court Action. A true and correct copy of Defendants' responsive pleading is attached as Exhibit C to the Decl. Okamoto.

7. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of Plaintiff's Complaint, Summons, and other related documents filed in the Superior Court of the State of California, County of Santa Clara are attached to the Declaration of William T. Okamoto in support of this Notice of Removal. See Okamoto Decl., Exhibits A-B. Additionally, a Notice of Case Management Conference issued by Santa Clara Superior Court on January 13, 2025, which has not been served, is attached as Exhibit D to Defendant's Request for Judicial Notice (hereinafter "Defendant's RJN"), filed concurrently herein. Exhibits A through D constitute all process, pleadings, and orders known by Defendants to exist in this action. Defendants are informed and believes these Exhibits constitute the operative pleadings in the state court case filed in this matter.

IV. **TIMELINESS OF REMOVAL**

8. Removal of a case to federal court is governed in part by 28 U.S.C. § 1441, which generally allows removals of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise[.]" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

9. This Notice is filed within thirty (30) days after Defendant were effectively served with the Summons and Complaint. Specifically, Plaintiff served the Summons and Complaint on January 18, 2025, via substituted service. *See* Okamoto Decl., ¶ 3, Exhibit B. Because Defendants were served via substituted service, service is deemed complete "on the 10th day after the date of mailing", meaning on January 28, 2025. Cal. Civ. Proc. Code § 415.20(b) (West 2024) ["Service of a summons in this manner is deemed complete on the 10th day after the mailing."]. In doing so, Plaintiff served the Summons and Complaint containing a claim for relief subject to federal jurisdiction. *See* Okamoto Dcel., ¶ 3, Exhibit B. As such, Defendants' Notice of Removal is timely filed.

V.    **BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

10. This Court has original jurisdiction over this action because of the existence of a federal question. Specifically, Plaintiff has asserted a claim and seeks remedies based on alleged violations of the Fourth and Fourteenth Amendment of the United States Constitution. *See* U.S. Const. amend. IV; U.S. const. amend. XIV, § 1.

11. "The district courts shall have original jurisdiction of all actions arising under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. In deciding whether a suit arises under federal law, the district court must abide by the "well-pleaded complaint" rule, under which a suit arises under federal law only when the plaintiff's statement of her own cause of action shows that it is based on federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

12. This case plainly arises under federal law. Plaintiff's Complaint refers to and arises out of alleged violations of the following: Fourth Amendment: United States Constitution Amendments IV; and Fourteenth Amendment: United States Constitution Amendments XIV. Specifically, Plaintiff alleges that Defendants made (1) false claims of expulsion and (2) false claims of a conversation and terrorist threats leading to him "being apprehended at gunpoint" leading to a violation of his constitutional rights. *See* Okamoto Decl., ¶¶ 1-2, Exhibit A.

13. Despite his single cause of action, Plaintiff seemingly filed, **but did not serve**, an attachment to his Complaint potentially alleging a separate cause of action for an intentional tort against both Defendants. *See* Okamoto Decl., ¶¶ 1-2, Exhibit A. However, in doing so, Plaintiff again alleges the same facts and allegations against Defendants. *Id.* Specifically, Plaintiff alleges that Defendants

4

DEFENDANTS ELMO FRAZER & CARRINGTON COLLEGE (CA), INC.'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

violated his Constitutional rights by making "false allegation to the San Jose police" resulting in his arrest. *Id.* As such, this too is a federal question.

14. Even if the Court were to find that this mysterious second cause of action were not a federal question, the claim is within the supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a), because they are so related to his underlying claim of violations of Plaintiff's Fourth and Fourteenth Amendment rights. In sum, Plaintiff's other state law claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004). *See* Okamoto Decl., ¶ 6. Thus, jurisdiction is appropriate for all of Plaintiff's claims that are related to the federal claim.

## VI. INTRA-DISTRICT ASSIGNMENT

15. Venue is proper in this district pursuant to 28 U.S.C. section 1441 (a), because this district embraces the county in which the removed action has been pending and arises. Pursuant to Civil Local Rule 3-2(c) and (e), assignment to the San Jose Division is proper, as the state court action has been pending in Santa Clara County, and a substantial part of the events or omissions which give rise to the action occurred in Santa Clara County.

## VII. CONCLUSION

16. Defendants will promptly serve Plaintiffs with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the Court for the Superior Court of the State of California, County of Santa Clara, as required under 28 U.S.C. section 1446(d).

WHEREFORE, pursuant to 28 U.S.C. section l44l(a) and in accordance with the procedures set in 28 U.S.C. section 1446, Defendants respectfully request that the above captioned action pending in the Superior Court of the State of California, County of Santa Clara, be removed to this Court.

DATE: February 25, 2025         FISHER & PHILLIPS LLP

                                By: */s/ William T. Okamoto*
                                Alden J. Parker
                                William T. Okamoto

                                Attorneys for Defendants
                                ELMO FRAZER and CARRINGTON COLLEGE (CA), INC.
                                (erroneously sued as CARRINGTON COLLEGE)