UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CHARLES BUCKNER,

　　　　Plaintiff,

　　v.

ELMO FRAZER, et al.,

　　　　Defendants.

Case No.  25-cv-01993-BLF

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

[Re:  ECF No. 17]

Before the Court is Defendants San Joaquin Valley College, Inc. (sued as "Carrington College") and Elmo Frazer's motion for summary judgment.  ECF No. 17; *see also* Memorandum of Points and Authorities, ECF No. 17-4 ("Mot.").  Plaintiff Charles Buckner has not submitted an opposition and the deadline to respond has passed.  *See* Civ. L.R. 7-3(a).  The Court finds that this motion is suitable for resolution without oral argument and VACATES the hearing set for June 4, 2026.  *See* Civ. L.R. 7-1(b).  For the reasons set forth below, the motion for summary judgment is GRANTED.

## I.　BACKGROUND

### A.　Undisputed Facts

Carrington College is an institution of higher education that offers vocational and degree programs in healthcare-related disciplines.  Declaration of Russel E. Lebo, ECF No. 17-2 ("Lebo Decl.") ¶ 3.  It is wholly owned by Carrington College Holdings, LLC.  *Id.*  The membership interest of Carrington College Holdings, LLC is held by San Joaquin Valley College, Inc. ("SJVC")—the proper institutional defendant in this case.  *Id.*  Mr. Buckner was enrolled in SJVC's Surgical Technology Program offered through the Carrington College division at the San Jose campus starting February 19, 2024.  Declaration of Elmo Frazer, ECF No. 17-1 ("Frazer

Decl.") ¶ 3.  At SJVC, Mr. Buckner engaged in disruptive classroom conduct and inappropriate behavior toward faculty.  Frazer Decl. ¶ 4.  In September 2024, faculty documented their concerns and reported them to the administration.  *Id.*  Mr. Buckner was then asked to meet with SVJC personnel, including Defendant Elmo Frazer, a SVJC administrator.  Frazer Decl. ¶¶ 2, 4–5.  At the meeting, Mr. Buckner asserted that faculty members had "consipir[ed] against him to lower his grades and cause him to fail."  Frazer Decl. ¶ 5.  In the aftermath of the meeting, Mr. Buckner's behavior continued to escalate, including when he "appear[ed] at the campus front desk in an irate and confrontational manner in front of other staff members."  *Id.* ¶ 5.  Mr. Buckner met with Mr. Frazer again, indicated that he no longer wished to continue in the Surgical Technology program, and elected to voluntarily withdraw.  Frazer Decl. ¶ 6.

On the evening of October 22, 2024, Mr. Buckner phoned Mr. Frazer and "expressed anger" in connection with his experience at SJVC, indicating that "he was 'the only one feeling the pain' and that 'someone else should feel the pain,' specifically that the institution 'should feel the pain.'"  Frazer Decl. ¶ 7.  When asked whether this statement was a threat, Mr. Buckner indicated that Mr. Frazer "can take [the comment] any way [he] want[s] to take it," before hanging up.  *Id.*  Particularly in light of Mr. Buckner's prior confrontational conduct, Mr. Frazer understood this statement to be a potential threat to campus safety.  *Id.* ¶ 8.  After Mr. Frazer made multiple attempts to contact Mr. Buckner without response, SJVC took precautionary measures, such as initiating a campus lockdown procedure.  *Id.*  Mr. Frazer also contacted law enforcement to report Mr. Buckner's comments.  Shortly thereafter, law enforcement arrested Mr. Buckner based on an outstanding warrant and the reported threat.  *Id.*

### B.    Procedural History

This action was initially filed on November 22, 2024, in the Superior Court of California, County of Santa Clara.  In the complaint, Mr. Buckner asserts that Mr. Frazer and SJVC violated his Fourth Amendment right against unreasonable seizure, and his Fourteenth Amendment right to due process.  ECF No. 1-1 ("Compl.") at 6.  Although the complaint does not expressly assert them as such, the Court construes Mr. Buckner's federal constitutional claims as if they were properly brought under 42 U.S.C. § 1983.  *See Azui-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d

704, 705 (9th Cir. 1992) ("[A] litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."). In an attachment to the complaint, Mr. Frazer also asserts a cause of action arising from an "intentional tort" which the Court construes as a claim for defamation and a claim arising out of a "false report." *See* Compl. at 8 (alleging that Mr. Frazer made a "false allegation to the San Jose police" which led to his arrest). Mr. Buckner states that as a consequence of Defendants' conduct, he has "endured significant emotional trauma, including anxiety, fear, sleeplessness, [and] depression," which has "necessitated" the use of medications and other treatments. Compl. at 7. He further alleges that the false accusations have "tarnished" his reputation, led to difficulty finding a job, and strained his relationships. *Id.* Mr. Buckner seeks $20 million in damages as compensation for this emotional distress, reputational harm, and financial loss. *Id.*

This action was removed pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446 on February 25, 2025. *See* Notice of Removal, ECF No. 1. On January 29, 2026, Defendants served requests for admission on Mr. Buckner. Declaration of William T. Okamoto, ECF No. 17-3 ("Okamoto Decl.") ¶ 3 & Ex. A ("RFA"). Mr. Buckner did not serve any responses or objections to the requests for admission, and the window to do so has closed. *Id.* Accordingly, all matters set forth in Defendants' requests for admission are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).

## II.    LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A fact is material if it might affect the outcome of the lawsuit, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

United States District Court
Northern District of California

3

United States District Court
Northern District of California

Generally, the moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* On an issue for which the nonmoving party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. *Liberty Lobby*, 477 U.S. at 249–50.

Once the moving party has met its initial burden, the burden of production shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Id.* at 323.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence presented and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631. The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party. *Id.*

Mr. Buckner is proceeding *pro se*. While the Court must construe *pro se* pleadings liberally, *see Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984), unrepresented litigants remain bound by the Federal Rules and Local Rules of this District, *see* Civ. L.R. 3-9(a).

## III.    DISCUSSION

### A.    Constitutional Claims

Defendants argue that Mr. Buckner's Fourth and Fourteenth Amendment claims are

subject to summary judgment because the undisputed facts establish that Defendants did not act under color of state law or violate Mr. Buckner's constitutional rights.  As stated above, the Court construes Mr. Buckner's constitutional claims as if they were properly alleged under 42 U.S.C. § 1983.   "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1.    Color of State Law

Defendants first contend that the undisputed facts demonstrate that Defendants did not act under color of state law and thus summary judgment should be granted as to Mr. Buckner's Fourth and Fourteenth Amended claims.  Mot. at 12–21.[1]

While "private parties are not generally acting under color of state law," *Price v. State of Haw.*, 939 F.2d 702, 707–08 (9th Cir. 2011), "a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents.'"  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).  SVJC is a private educational institution that does not exercise any governmental or law enforcement authority, Lebo Decl. ¶ 4, and at all relevant times, Mr. Frazer was acting in his capacity as an employee thereof, Frazer Decl. ¶ 2.  The question is thus whether the alleged violations of Mr. Buckner's rights are "fairly attributable" to the state.  *See Kirtley*, 326 F.3d at 1092.  There are "at least four different criteria, or tests, used to identify state action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'"  *Id.* (quoting (*Sutton v. Providence St. Jospeh Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)).  As, absent the existence of a countervailing factor, "[s]atisfaction of any one test is sufficient to find state action," *id.*, the Court assesses each test in turn.

[1] Because the Court construes Mr. Buckner's constitutional claims as alleged under § 1983, the Court need not consider Defendants' arguments with respect to avenues of relief against private actors that do not require state action under California law. *See* Mot. at 18–19.

### a. Public Function

"[A] private entity may qualify as a state actor when it exercises 'powers traditionally exclusively reserved to the State.'" *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)). To satisfy the public function test, "the government must have traditionally *and* exclusively performed the function." *Id.* "Very few" functions qualify. *Id.*

Defendants argue that Plaintiff will be unable to show that SJVC or Mr. Frazer's conduct satisfies the public function test, because their conduct was limited to operating a private educational institution. Mot. at 13–14. The Court is persuaded. Defendants have offered evidence showing that SJVC is a private educational institution and Mr. Frazer acted in his professional capacity as an SJVC administrator. Lebo Decl. ¶¶ 3–4; Frazer Decl. ¶¶ 2–6; RFA Nos. 11–12. Mr. Frazer's conduct in responding to the possible threat was within the scope of his private institutional responsibilities, including maintaining campus safety and communicating with law enforcement. Frazer Decl. ¶¶ 7–10. Moreover, Mr. Buckner has admitted that Defendants did not conduct any search or seizure, direct or control law enforcement's response, or act on behalf of the state in any capacity. RFA Nos. 1–6, 16–19. Furthermore, while higher education can be described as a 'public function,' it is not 'exclusively governmental.' *Rendell–Baker v. Kohn*, 457 U.S. 830, 842 (1982) (holding that private high school funded at public expense was not a state actor for the purposes of § 1983); *see also Fial v. Childpeace Montessori*, No. 25-cv-00696-JR, 2025 WL 4032308, at *3 (D. Or. Oct. 20, 2025) ("Courts have uniformly held that private schools do not meet the public function test as education is not traditionally or exclusively governmental."). Accordingly, Defendants have established an absence of evidence in the record demonstrating state action under the public function test.

### b. Joint Action

Next, Defendants argue that Plaintiff cannot satisfy the joint action test because there is an absence of evidence in the record demonstrating that SJVC or Mr. Frazer acted in concert with law enforcement in carrying out the alleged deprivation of Mr. Buckner's rights. Mot. at 15–16. The joint action test for state action is satisfied where "state officials and private parties have acted in

concert in effecting a particular deprivation of constitutional rights." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (quoting *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002)). This requirement can be met "either 'by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents.'" *Id.* (quoting *Franklin*, 312 F.3d at 445). The participants must "share the common objective of the conspiracy." *Franklin*, 312 F.3d at 445. And "a substantial degree of cooperation" is required to "impos[e] civil liability for actions by private individuals that impinge on civil rights." *Id.*

Defendants identify uncontroverted evidence demonstrating that they did not conduct any search or seizure, act on behalf of any state actor, or direct, control, or otherwise participate in the investigation, detention, and arrest of Mr. Buckner. Frazer Decl. ¶¶ 8–10; RFA Nos. 1–6, 16–19. "[T]he mere reporting of suspected criminal activity to law enforcement officials does not constitute the type of joint action capable of transforming a private party into a state actor for purposes of § 1983." *Fleeger v. Bell*, 95 F. Supp. 2d 1126, 1132 (D. Nev. 2000). It is also undisputed that "[t]he arrest occurred off campus and was carried out solely by law enforcement officers, and all decisions regarding the investigation, detention, and any charges were made by law enforcement authorities." Frazer Decl. ¶ 10. Nor did SJVC or any of its employees invoke any state procedure, inform law enforcement of Mr. Buckner's location, or instruct law enforcement to take any specific action. Frazer Decl. ¶ 10. Because Defendants have identified an absence of "evidence of cooperation between the state and the private parties in this case, much less a substantial degree of cooperation[,]" Defendants have established that their conduct does not amount to state action under the joint action test. *See Strum v. El Camino Hosp.*, No. 09-cv-02324-RMW, 2010 WL 725563, at *3 (N.D. Cal. Feb. 26, 2010).

### c. Governmental Compulsion or Coercion

Defendants also argue that Mr. Buckner's claims do not satisfy the state compulsion test, because there is no evidence that any state entity compelled, directed, or influenced Defendants' conduct. Mot. at 16–17. For a private party's conduct to constitute state action under a compulsion theory, it must involve "such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004

United States District Court
Northern District of California

(1982).  A compulsion claim against a private party requires evidence sufficient to show "some additional nexus that [makes] it fair to deem the private entity a governmental actor in the circumstances." *Sutton*, 192 F.3d at 839.  Here, Defendants demonstrate an absence of evidence in the record of coercion on the part of the state.  The record establishes that Mr. Frazer exercised his independent judgment in contacting law enforcement and his role was cabined to his factual report.  *See, e.g.*, Frazer Decl. ¶ 8; RFA No. 20 (admitting that Defendants did not "act on behalf of any state in connection with the allegations in the complaint").  Such undisputed evidence also forecloses the required "additional nexus" that would make it fair to deem SJVC a governmental actor under the circumstances.  In sum, Defendants have established that their decision to contact law enforcement is not state action under the compulsion test.

### d.  Governmental Nexus

Finally, Defendants contend that Plaintiff cannot meet the governmental nexus test because the record establishes that Defendants acted independently of the state in addressing Mr. Buckner's conduct.  Mot. at 17–18.  State action under a governmental nexus theory requires there to be "such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Kirtley*, at 1094–95 (quoting *Brentwood Acad v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).  "The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which plaintiff complains." *Blum*, 457 U.S. at 1004.

Defendants raise substantially similar evidence to support their joint action and governmental nexus arguments.  *Compare* Mot. at 15–16, *with* Mot. at 17–18.  They refer the Court to evidence showing that SJVC and Mr. Frazer acted independently of law enforcement in responding to Mr. Buckner's conduct, and those actions were undertaken as part of SJVC's operation as a private institution.  Frazer Decl. ¶¶ 7–10; Lebo Decl. ¶ 4; RFA Nos. 8, 20, 21.  The Court agrees with Defendants that rather than demonstrating a close nexus between the state's actions and Defendants', such evidence illustrates that Defendants' conduct was independent of any action taken by the government.  As the Ninth Circuit has analyzed the joint action and

8

governmental nexus theories in tandem, *see Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 748 (9th Cir. 2020), the Court finds that in light of the above analysis finding a joint action theory unsupported by any evidence, a governmental nexus theory is also unavailing.

\*        \*        \*

"At bottom, the inquiry is always whether the defendant has 'exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *West*, 487 U.S. at 49)).  Because Defendants have established an absence of evidence in the record demonstrating that they exercised power under color of state law—a threshold requirement of Mr. Buckner's § 1983 claims—the burden shifts to Mr. Buckner to identify specific facts demonstrating the existence of disputed issues for trial.  As he did not file a response, and thus did not meet his burden, the Court GRANTS Defendants' motion for summary judgment as to Mr. Buckner's Fourth and Fourteenth Amendment claims.

### 2.    Violation of Constitutional Rights

An essential element of a § 1983 claim is "the violation of a right secured by the Constitution and laws of the United States." *West*, 487 U.S. at 48.  As a second and independent basis for seeking summary judgment as to Mr. Buckner's Fourth and Fourteenth Amendment claims, Defendants assert that there is no evidence that they violated Mr. Buckner's constitutional rights. Mot. at 19–21.

#### a.    Fourth Amendment

In the complaint, Mr. Buckner alleges that Defendants violated his "Fourth Amendment right against unreasonable seizure." Compl. at 6.  According to Defendants, however, the undisputed facts demonstrate that any unreasonable seizure experienced by Mr. Bucker was not attributable to Defendants.  *See* Mot. at 20.

The Fourth Amendment protects against unreasonable searches and seizures. *Torres v. Madrid*, 592 U.S. 306, 311 (2021).  Here, Mr. Buckner has admitted that Defendants did not search his person, home, automobile, or property, and did not seize him or his property.  RFA Nos. 1–6. Mr. Buckner has also admitted that law enforcement, rather than Defendants, made decisions regarding his arrest.  RFA Nos. 7–8, 16–19.  Accordingly, Defendants have met their

9

moving burden to establish an absence of evidence in the record as to their Fourth Amendment liability.  The burden thus shifts to Mr. Buckner to show triable issue of material fact.  As he has not filed a response and thus failed to meet his burden, the Court GRANTS summary judgment as to Mr. Buckner's Fourth Amendment claim.

### b.  Fourteenth Amendment

Mr. Buckner alleges that Defendants' conduct violated his Fourteenth Amendment right to due process.  Defendants contend that record evidence eliminates any basis from which a reasonable jury could conclude that they violated Mr. Buckner's Fourteenth Amendment rights.  Mot. at 20–21.

The Fourteenth Amendment contains both procedural and substantive due process protections.  *United States v. Salerno*, 481 U.S. 739, 746 (1987).  It is not clear whether Mr. Buckner alleges a violation of his substantive or procedural due process rights.  "To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property."  *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998).  "A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections."  *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

Here, Defendants assert that Mr. Buckner has not identified any evidence of a deprivation of a life, liberty or property interest attributable to Defendant—let alone such a deprivation without sufficient procedural protections.  Mot. at 21.  The Court agrees.  As discussed above, Mr. Buckner has admitted that Defendants did not participate in, direct, or control any law enforcement activity.  RFA Nos. 1–6; 16–19.  The record reflects that Mr. Frazer reported Mr. Buckner's comments to law enforcement but was not otherwise involved in or responsible for any alleged life, liberty, or process deprivation that took place thereafter.  Frazer Decl. ¶ 8.  Accordingly, Defendants have met their moving burden to establish an absence of evidence in the record as to the Fourteenth Amendment Claim.  The burden shifts to Mr. Buckner to show triable issues of material fact.  Mr. Buckner has not filed a response and thus has not met his burden.  The

Court accordingly GRANTS summary judgment as to the Fourteenth Amendment claim.

### B.   Tort Claims

#### 1.   Defamation

Turning to Mr. Buckner's tort claims, Defendants argue that the undisputed facts demonstrate that they did not publish false statements about Mr. Buckner, and, in any event, their conduct is protected by privilege.  To prevail on a defamation claim under California law, a plaintiff must establish "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007); Cal. Civ. Code §§ 45–46.  The truth of the statement is a complete defense against liability in defamation actions, regardless of bad faith or malicious purpose. *Smith v. Maldonado*, 72 Cal. App. 4th 637, 646 (1999).

Defendants refer the Court to evidence demonstrating that the report to the police was not false or fabricated but was instead a truthful recitation of Mr. Buckner's conduct.  Mr. Buckner stated that others "should feel the pain," and, when asked, declined to disavow that his comments were a threat.  Frazer Decl. ¶ 7; RFA Nos. 9–10.  Mr. Frazer accurately reported the threatening statement to law enforcement.  Frazer Decl. ¶ 8.  As Defendants have established that the report to law enforcement was truthful, the burden shifts to Mr. Buckner to identify evidence of any genuine dispute of fact as to the truth of Defendants' statements.  As Mr. Buckner has not filed any response, the Court finds that the defamation claim fails as a matter of law.

Moreover, as a separate and sufficient reason to grant summary judgment, Defendants contend their conduct is privileged under California Civil Code § 47, which has been interpreted to shield reports made to law enforcement to report suspected criminal activity. *Makhzoomi v. Sw. Airlines Co.*, 419 F. Supp. 3d 1136, 1158 (N.D. Cal. 2019) ("Courts have interpreted section 47(b) as providing an absolute privilege to reports made to law enforcement to report suspected criminal activity, such that the reports 'cannot be the basis for tort liability.'").  The record demonstrates that Defendants' statements to police were for the purpose of reporting a possible threat.  Frazer Decl. ¶¶ 7–8.  Mr. Buckner has not identified any material facts in dispute as to § 47(b) privilege.  Thus, the Court finds that Defendants' conduct falls within the privilege established by § 47(b).

United States District Court
Northern District of California

United States District Court
Northern District of California

In sum, the uncontroverted evidence shows that Defendants' statements to police were both truthful and privileged.  Summary judgment is thus GRANTED as to the defamation claim.

### 2.   False Report

To the extent Mr. Buckner is proceeding on a "false report" theory of tort liability, Defendants argue that California Penal Code § 148.5 is a criminal statute that does not provide a private right of action.  Mot. at 22.  Pursuant to § 148.5, it is a criminal offense to falsely report a crime to law enforcement officers.  *See People v. Lawson*, 100 Cal. App. 3d 60, 67 (1979).  The Court agrees with Defendants that there is no private right of action under § 148.5.  *Rezek v. City of Tustin*, No. SACV 11–01601 DOC (RNBx), 2012 WL 5829928, at *8 (C.D. Cal. Nov. 15, 2012).  Because Mr. Buckner's claim based on an alleged false report fails as a matter of law, summary judgment is GRANTED as to the § 148.5 claim.

### C.   Damages

Finally, Defendants contend that Plaintiff's claims for damages, including any request for punitive damages, fail because they are not liable for any of the claims.  Mot. at 22–23.  The Court agrees.  Because the Court grants summary judgment in favor of Defendants on all of Mr. Buckner's claims, no underlying claims exist to support the award of any damages.  Thus, the Court GRANTS summary judgment as to Mr. Buckner's damages claims.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion for summary judgment is GRANTED.

Dated:  May 18, 2026

_____
BETH LABSON FREEMAN
United States District Judge

12